FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN-MICHAEL RAY DURHAM,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER'S CHAMBERS, Division III Court of Appeals for the City and County of Spokane, of Washington State; BRIDGET RIGGS; and UNNAMED JUDICIAL STAFF AND OFFICIALS,<br><br>Defendants. | NO: 2:24-CV-0368-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 7. This matter was submitted for consideration without oral argument. Plaintiff has not filed a response, timely or otherwise. The Court has reviewed the briefing and the record and the files herein and is fully informed. For the reasons discussed below, Defendants' motion to dismiss (ECF No. 7) is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

**BACKGROUND**

Plaintiff, John-Michael Ray Durham ("Durham"), proceeding *pro se*, filed a complaint October 28, 2024, against Defendants alleging civil rights violations. ECF No. 1. This action arises out filings in the Washington Court of Appeals, Division III.

The Defendants seek dismissal of this lawsuit for lack of subject matter jurisdiction.

**DISCUSSION**

I. <u>Motion to Dismiss Standards</u>

A motion to dismiss may be brought for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

II. <u>The *Younger* Doctrine</u>

Defendants request that because Durham is suing Defendants for conduct related to ongoing state court proceedings, the Court must dismiss the case

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

pursuant to the *Younger* Doctrine. "Under *Younger* abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal or civil proceedings, including state administrative proceedings that are judicial in nature." *San Remo Hotel v. City and Cnty of S.F.*, 145 F.3d 1095, 1104 (9th Cir. 1998). A *Younger* abstention is required "if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Id.*

In this case, all three factors are met. Durham appears to be involved in ongoing state litigation. The Court must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Here, there is no such unambiguous authority that shows Durham will not be afforded opportunity to raise his challenges through state proceedings. Thus, the Court lacks jurisdiction over issues related to ongoing proceedings in state court.

    III.    The *Rooker-Feldman* Doctrine

Defendants also seek dismissal of Durham's claims pursuant to the *Rooker-Feldman* Doctrine. "Under *Rooker-Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003).

> [a] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is "inextricably intertwined" with an issue resolved by the state court in its judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003).

Therefore, the Court concludes Durham's case falls within the traditional boundaries of both the *Younger* and *Rooker-Feldman* doctrines.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 7, is **GRANTED**.

2. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED without prejudice**.

3. Plaintiffs' pending motion before the Court (ECF No. 4) is **DENIED as moot.**

The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, enter judgment for Defendants, and **CLOSE** the file.

**Dated** December 23, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4